| | |
|---|---|
| DISTRICT COURT,<br>PITKIN COUNTY COLORADO<br><br>506 East Main Street<br>Aspen, CO  81611<br>(970) 925-7635 | DATE FILED: July 20, 2015 12:13 PM<br>FILING ID: 4400D84F18473<br>CASE NUMBER: 2015CV30089 |
| **Plaintiff:**   DANIEL LOTT<br><br>v.<br><br>**Defendant:**   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ▲ COURT USE ONLY ▲<br><br>Case Number:  2015 CV<br>Division |
| **Attorneys for Plaintiff**<br>Jeff Wertz, #28000<br>Feldman & Wertz, LLP<br>215 S. Monarch Street, Suite 303<br>Aspen, Colorado 81611<br>Tele:  970-925-6105  Fax:   970-925-9398<br>e-mail: jeff@aspen-law.com | |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff Daniel Lott [hereinafter: "Lott" or "plaintiff"] and states for his Complaint AS FOLLOWS:

### I. GENERAL AVERMENTS – PARTIES – VENUE - JURISDICTION

1. Lott is an individual residing in Garfield County.

2. All claims for relief in this civil action arise from a contract of insurance that cover the vehicle Lott was driving during a two-vehicle, rear-end motor vehicle collision occurring on or about April 9, 2012 on Colorado Highway 82 near the Aspen Golf Course in the County of Pitkin, State of Colorado [hereinafter: "the crash"].

3. Defendant State Farm Mutual Automobile Insurance Company ["State Farm"] is a corporate entity domiciled in Illinois and duly registered as a foreign entity in Colorado that was and is doing business in Colorado and availing itself of the Colorado court system at all times pertinent hereto.

1

Exhibit A

4. On or about April 9, 2012, Lott was driving west on Highway 82 in a truck owned by his employer and insured by State Farm when he was struck from the rear by a vehicle driven by Elizabeth Howie ["Howie"].

5. Lott was injured in the crash.

6. Lott is an insured under the terms of the policy issued to Lott's employer [the truck owner] by State Farm.

7. Elizabeth Howie was insured by American Family at the time of the crash with bodily injury coverage limits of $100,000.00.

8. Lott valued and values his overall damages in the crash to be in excess of $300,000.00.

9. Lott was wearing his seat and shoulder belt at the time of the crash.

10. Lott pursued various claims arising from the crash, including a claim with State Farm under the uninsured/underinsured motorist coverage that was part of the State Farm policy ["the UIM coverage provisions"] with coverage in the amount of $500,000.00.

11. Lott sought State Farm's permission to settle his claims with Howie and American Family Insurance by accepting $100,000.00 from American Family in exchange for fully releasing Howie from further exposure.

12. State Farm refused to give this permission to Lott and instead tendered to Lott the sum of $100,000.00 in order to preserve the civil claim[s] Lott had against Howie based on the damages Lott suffered in the crash.

13. This tender of $100,000.00 to Lott did not prejudice, limit or compromise Lott's claim with State Farm to collect up to the $500,000.00 limits of the UIM coverage provisions from State Farm.

14. Lott continued to try in good faith to have State Farm perform under the UIM coverage provisions and to compensate Lott for his damages in excess of the $100,000.00 already tendered and accepted by Lott.

15. State Farm tendered an undisputed amount of $52,000.00 to Lott in late 2014.

16. State Farm thereafter continued to refuse to perform its obligations under the insurance contract in general and under the UIM coverage provisions in particular.

17. State Farm sued Howie in the District Court of Pitkin County in April of 2015 seeking from Howie only the $152,000.00 it had previously tendered to Lott in case number 2015 CV 30029, *State Farm v. Howie* ["case 15CV30029"].

18. Rather than seek a determination of the full extent of the damages suffered by Lott in case 15 CV30029, on or about May 5, 2015, State Farm, through its counsel of record in case 15CV30029, has instead stalled those proceedings.

19. In case 15CV30029, State Farm has pleaded and has therefore judicially admitted as fact that Howie negligently caused the crash and that Lott was thereby injured.

20. The actions of State Farm's legal counsel in case 15CV30029 are the acts of an agent of State farm and are imputed to State Farm.

21. The duties of State Farm owed to Lott under the policy must be honored and followed in State Farm's conduct in the civil action State Farm filed [case15CV30029].

22. State Farm has a contractual obligation to provide coverage to Lott under UM/UIM coverage on the State Farm policy.

23. This Court has jurisdiction to hear this matter as a court of general jurisdiction so enabled by the Constitution of Colorado and by Colorado statute[s].

24. Venue is proper in Pitkin County as the obligation[s] of State Farm to pay monies to Lott under the UIM coverage provisions arose solely from the crash which occurred entirely within Pitkin County.

25. Upon information and belief, all conditions precedent to the commencement of this civil action have been performed or have occurred.

## II. FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

26. Plaintiff incorporates all prior averments from this document into this paragraph as if set forth fully herein.

27. All conditions precedent to the obligation of State Farm to pay under the UIM coverage provisions of the insurance policy have been complied with.

28. To the extent that any obligation[s] of Lott under the policy have not been performed, State Farm has not been prejudiced by said alleged failure to comply, which is denied.

29. To the extent that any obligation[s] of Lott under the policy have not been performed, such was justified by State Farm's prior breach of the insurance contract that is the policy.

30. At all times relevant to this action, State Farm owed Lott the implied duty of good faith and fair dealing in the insurance contract that is the policy.

3

Exhibit A

31. Lott's damages from the crash exceeded the $100,000.00 limits of bodily injury coverage of the at-fault driver: Howie.

32. At no time since State Farm paid Lott the $152,000.00 has State Farm or its agents ever informed Lott that they took the position that the $152,000.00 payment adequately compensated Lott for his damages sustained in the crash.

33. State Farm has breached the insurance contract that is the policy by failing to evaluate the claim of Lott in a prudent, timely or commercially reasonable manner.

34. As a direct and proximate result of State Farm's breach of contract, Lott has suffered damages in an amount to be proven at trial.

### III. SECOND CLAIM FOR RELIEF – BAD FAITH BREACH OF INSURANCE CONTRACT

35. Plaintiff incorporates all prior averments from this document into this paragraph as if set forth fully herein.

36. As a provider of insurance products and services to the public, State Farm and its agents at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

37. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers and their agents a duty to act in good faith with their insureds. Pursuant to their implied duty of good faith and fair dealing, State Farm and its agents owed to Lott an obligation to treat Lott's interests with equal consideration to their own interests.

38. State Farm and its agents have breached their duty of good faith and fair dealing owed to Lott by the following:

    a. Failing to give equal consideration to the interest of Lott, their insured, as their own interest[s];

    b. When investigating Lott's claim, failing to diligently search for evidence that supported Lott's claim;

    c. Seeking to discover only evidence that tended to defeat Lott's claim;

    d. Unreasonably delaying and/or withholding benefits under the policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of the lack of a reasonable basis for doing so;

4

e. Failing to adopt and implement reasonable practices and standards for the prompt investigation of claims arising under the policy;

f. Refusing to pay claims without conducting a reasonable investigation of the claim;

g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

h. Compelling Lott to institute litigation to recover amounts due under the policy by offering substantially less than the amount[s] Lott is entitled to recover;

i. Forcing Lott into the costly and lengthy process of litigation;

j. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

k. Having a pattern and habitual practice in Colorado of behaving improperly on multiple claims of insured persons;

l. Making duplicative and repetitive requests for information that had already been provided;

m. Failing and refusing to tender the full undisputed amount[s] of UIM benefits to Lott when requested to do so by Lott;

n. Stalling the litigation in case 15CV20029 and thereby forcing Lott into expensive litigation;

o. Posturing as an opponent to Lott in pre-litigation communication[s] made to Lott and to others; and

p. Any further acts or omissions which may be discovered by Lott or that may be perpetrated by State Farm in case 15CV30029, etc.

39. State Farm and its agents' aforesaid conduct was unreasonable and State Farm either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

40. As a direct and proximate result of State Farm's breach of its duty of good faith and fair dealing, Lott has sustained damages in an amount to be proven at trial.

## IV. THIRD CLAIM FOR RELIEF – VIOLATION OF C.R.S. §§ 10-3-1115(1)(a) AND 10-3-1116(1)

41. Plaintiff incorporates all prior averments from this document into this paragraph as if set forth fully herein.

42. Lott is a first party claimant pursuant to C.R.S. 10-3-1115(1)(b)(I).

43. State Farm's delay and/or denial of Lott's claim for payment of UIM benefits was and is unreasonable.

44. Pursuant to C.R.S. 10-3-1116(1) Lott is entitled to the amount of benefits owed but not paid, plus double that amount, plus reasonable attorney's fees, etc.

**WHEREFORE**, plaintiff seek judgment in his favor on the all claims stated herein, seeks prejudgment interest as allowed by law, post-judgment interest as allowed by law, costs, attorney's fees, statutory penalties, joint and several relief as appropriate under law, and seeks all further relief deemed appropriate by this Honorable Court or as determined at trial. A trial to a jury of six (6) persons is respectfully demanded on all issues so triable. The provisions of C.R.C.P. Rule 16.1 do not apply to this civil action.

Dated: __7-20-15___

FELDMAN & WERTZ, LLP
[original signed in our file]
By: _/s/_____
       Jeff Wertz, #28000
       Attorneys for plaintiff

<u>Plaintiff's address:</u>

c/o Feldman & Wertz, LLP
215 S. Monarch Street, #303
Aspen, CO  81611

6

Exhibit A